IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01504-PAB

MARISSA BEATTY,

    Plaintiff,

v.

IAN ROBERT ROSSMEISSL,

    Defendant.

---

## ORDER

---

This matter is before the Court *sua sponte*. On September 1, 2020, the Court issued an order to show cause why the case should not be dismissed due to a lack of subject matter jurisdiction. *See* Docket No. 12. Plaintiff had until September 10, 2020 to respond. *Id.* at 5. Plaintiff did not respond.

Plaintiff filed her complaint on May 26, 2020. Docket No. 1. On August 25, 2020, plaintiff filed a second amended complaint. Docket No. 9. The Court's September 1, 2020 show cause order identified several jurisdictional deficiencies in plaintiff's second amended complaint. Specifically, although plaintiff alleged federal question jurisdiction, Docket No. 9 at 3, the Court found that plaintiff failed to allege how the recoupment of personal loans arises under federal law. Docket No. 12 at 3. In addition to federal question jurisdiction, plaintiff alleged diversity jurisdiction. Docket No. 9 at 3-4. The Court found that plaintiff only alleged the "location" of defendant and not his citizenship and, as a result, concluded that the allegations were insufficient to

determine whether the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 12 at 3-5.

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.").  Plaintiff has failed to respond to the Court's order to show cause and, therefore, the Court finds that plaintiff has failed to carry her burden of establishing subject matter jurisdiction as a threshold matter.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (quotations omitted)).  Wherefore, it is

**ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  It is further

**ORDERED** that this case is closed.

DATED September 17, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge